UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BARTONFALLS LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>ZIFF-DAVIS LLC,<br><br>      Defendant. | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Bartonfalls LLC ("Bartonfalls") demands a jury trial and complains against Defendant Ziff-Davis LLC ("PC Magazine"), and states as follows:

**THE PARTIES**

**1.**  Bartonfalls is a limited liability company organized and existing under the laws of the State of Texas, conducting business in this judicial district.

**2.**  On information and belief, PC Magazine is owned by Ziff-Davis LLC, a New York State company with its headquarters located at 28 East 28th Street, New York, New York 10016, and conducts business in this judicial district.

**JURISDICTION AND VENUE**

**3.**  This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

**4.**  Bartonfalls is informed and believes, and based thereon alleges, that PC Magazine is doing business and committing acts of infringement of the patent identified below in this judicial district, and is subject to personal jurisdiction in this judicial district.

**5.**  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## **THE PATENT**

6. On March 29, 2011, U.S. Patent No. 7,917,922 B2 ("the '922 Patent") was duly and legally issued to Barry H. Schwab and John G. Posa as the inventors. The '922 Patent claims an invention entitled "Video Input Switching and Signal Processing Apparatus". On March 28, 2014, the inventors assigned all right, title and interest in and to the '922 Patent to Videa LLC and on June 10, 2016, Videa LLC assigned all right, title and interest in and to the '922 Patent to Bartonfalls LLC. A copy of the '922 Patent is attached to this Complaint as Exhibit 1.

7. The '922 Patent is directed to a novel method for integrating into a single system a plurality of television ("TV") signal sources (e.g. standard broadcast-frequency, cable, direct-broadcast-satellite), wherein the system includes different tuners which may include a descrambler; additional inputs for other uses; outputs for both baseband audio and video; and a system controller for inputting control signals from a standard infrared-type hand-held remote-controller to select and switch between both channels and input signal types. The components can be implemented as an internal circuit board or as an internal or external plug-in unit, and the controller can integrate signals for a telephone interface, for pay-per-view billing or other uses.

8. Claim 1 of the '922 Patent is directed to a method of automatically changing from a first TV program to an alternate TV program at a TV viewer location, comprising the steps of: entering information regarding a viewing preference at the viewer location; transmitting the TV program from a source to the viewer location; receiving the TV program at the viewer location over a first TV channel, the TV program including a pointer to an alternate TV channel providing an alternate TV program with subject matter directly related to the first TV program; and automatically switching the TV program to the alternate TV program using the pointer and the information previously entered by the viewer without requiring any additional viewer intervention at the time of switching.

9. Claim 2 of the '922 Patent is directed to the same method as Claim 1 with the added requirement that the TV program is a cable TV program.

10. Claim 3 of the '922 Patent is directed to the same method as Claim 1 with the added requirement that the TV program is an audio/video program transmitted in digital form.

11. Claim 4 of the '922 Patent is directed to the same method as Claim 1, wherein the step of entering the information at the viewer location includes using a hand-held remote-control unit.

12. Claim 5 of the '922 Patent is directed to the same method as Claim 1, wherein the step of entering the information at the viewer location includes using an on-screen programming technique.

13. Claim 6 of the '922 Patent is directed to the same method as Claim 1, wherein the step of entering the information at the viewer location includes downloading the information from a computer.

14. Claim 7 of the '922 Patent is directed to the same method as Claim 1, wherein the pointer is transmitted continuously with the TV program.

15. Claim 8 of the '922 Patent is directed to the same method as Claim 1, wherein the pointer is transmitted at the initiation of the TV program.

## PC MAGAZINE'S INFRINGING SYSTEM AND METHOD

16. Without authority from Bartonfalls, PC Magazine makes, uses (including by having its employees test), markets and sells or otherwise provides a method for automatically changing from a first TV program to an alternate TV program at a TV viewer location as claimed in the '922 Patent ("The Accused Instrumentality").

17. For example, on its website http://www.pcmag.com/video/346159/what-your-small-business-should-know-about-cybersecurity, PC Magazine practices The Accused Instrumentality of automatically changing from a first TV program (e.g., "What Your Small Business Needs to Know

about Cybersecurity") to an alternate TV program (e.g., "5 Tips for Keeping Your Data Safe in the Cloud") at a TV viewer location (e.g., at the location of a user of the accused instrumentality).

18. PC Magazine is a computer magazine.

19. On its websites, e.g., www.pcmag.com, PC Magazine encourages and suggests to its viewers to use The Accused Instrumentality in a way that infringes at least Claim 1 of the '922 Patent.

## COUNT I
## DIRECT INFRINGEMENT

20. Bartonfalls repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 19 above.

21. As a result of making, using (including having its employees internally test and use The Accused Instrumentality as alleged below), marketing, and providing The Accused Instrumentality, PC Magazine has directly infringed at least Claim 1 of the '922 Patent literally and/or under the doctrine of equivalents. As set forth *supra*, The Accused Instrumentality is specifically designed to perform each and every step set forth in at least Claim 1 of the '922 Patent and each use of The Accused Instrumentality will result in infringement of at least one claim of the '922 Patent.

22. Upon information and belief, PC Magazine directly infringed at least Claim 1 of the '922 Patent when it internally tested and used The Accused Instrumentality. Upon information and belief, PC Magazine employees and/or individuals under PC Magazine's control use The Accused Instrumentality at an PC Magazine TV viewer location, to test the operation of The Accused Instrumentality and its various functions, in the manner set forth in the '922 Patent and described in detail in paragraphs 7 through 19 above. Bartonfalls therefore alleges that PC Magazine directly

infringed the '922 Patent by using The Accused Instrumentality to perform the methods claimed by the '922 Patent.

23. Upon information and belief, PC Magazine also directly infringed at least Claim 1 of the '922 Patent when its employees use The Accused Instrumentality. Upon information and belief, PC Magazine employees and/or individuals under PC Magazine's control used The Accused Instrumentality at an PC Magazine TV viewer location in the manner set forth in the '922 Patent and described in detail in paragraphs 7 through 19 above. Bartonfalls therefore alleges that PC Magazine directly infringed the '922 Patent by using The Accused Instrumentality to perform the methods claimed by the '922 Patent.

24. Since at least the date that this Complaint was filed, PC Magazine has willfully infringed at least Claim 1 of the '922 Patent by directly infringing the patent with knowledge of the patent and in spite of an objectively high likelihood that its actions constituted infringement of the '922 Patent.

25. Bartonfalls has suffered damages as a result of PC Magazine's direct infringement of the '922 Patent.

## COUNT II
## INDIRECT INFRINGEMENT

26. Bartonfalls repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 25 above.

27. The Accused Instrumentality is particularly adapted for use in a manner that infringes at least Claim 1 of the '922 Patent. Specifically, as alleged *supra*, The Accused Instrumentality is designed to facilitate automatically changing from a first TV program to an alternate TV program at a TV viewer location.

28. PC Magazine has been aware of the '922 Patent since at least the filing date of this Complaint, and upon information and belief was aware, or should have been aware, since at least such date that the use of The Accused Instrumentality constitutes direct infringement of the '922 Patent.

29. In spite of its knowledge of the '922 Patent, PC Magazine has continued to offer The Accused Instrumentality to its viewers and has continued to encourage them to use The Accused Instrumentality in a manner that infringes at least Claim 1 of the '922 Patent, intending that its viewers use The Accused Instrumentality.

30. Upon information and belief, at least one of PC Magazine's customers has used The Accused Instrumentality in a manner that infringes the '922 Patent since PC Magazine became aware of the '922 Patent.

31. PC Magazine indirectly infringes at least Claim 1 of the '922 Patent by inducing others to use The Accused Instrumentality in a manner that directly infringes the asserted claims. PC Magazine provides The Accused Instrumentality to the public and encourages and instructs them on how to use it, including by encouraging and encouraging instructing the use of each of the features claimed by the '922 Patent. Due to PC Magazine's encouragement and instruction, PC Magazine customers that use The Accused Instrumentality directly infringe the '922 Patent by performing each element set forth in the '922 Patent and described in detail in paragraphs 7 through 55 above. PC Magazine has induced these infringing uses with full knowledge of the '922 Patent and with full knowledge that the use of use of The Accused Instrumentality as directed constitutes infringement of the '922 Patent.

32. PC Magazine indirectly infringes at least Claim 1 of the '922 Patent by contributorily infringing the patent through its provision of use of The Accused Instrumentality. PC Magazine viewers that use of The Accused Instrumentality directly infringe the '922 Patent by performing each

element set forth in the '922 Patent and described in detail in paragraphs 7 through 19 above. Since at least the filing date of this Complaint, PC Magazine has known that the use of The Accused Instrumentality at a TV viewing location infringes the '922 Patent, that the combination of The Accused Instrumentality as used on a viewing device was patented and infringed the '922 Patent, and that such combination of components has no substantial non-infringing use.

33. Bartonfalls has suffered damages as a result of PC Magazine's indirect infringement of the '922 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bartonfalls prays for judgment against Defendant PC Magazine on all of the counts and for the following relief:

A. Declaration that Bartonfalls is the owner of the right to sue and to recover for infringement of the '922 Patent being asserted in this action;

B. Declaration that PC Magazine has directly infringed, actively induced the infringement of, and/or contributorily infringed the '922 Patent;

C. Declaration that PC Magazine and its customers are jointly or severally responsible for the damages from infringement of the '922 Patent through the use of The Accused Instrumentality;

D. Declaration that PC Magazine is responsible jointly or severally with its customers for the damages caused by the infringement of the '922 Patent through the use of The Accused Instrumentality by PC Magazine's viewers;

E. An accounting for damages under 35 U.S.C. §284 for infringement of the '922 Patent by PC Magazine, and the award of damages so ascertained to Bartonfalls together with interest as provided by law;

F.      Award of Bartonfalls' costs and expenses;

G.      Award of Bartonfalls' attorney fees; and

H.      Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Bartonfalls demands a trial by jury of all issues properly triable by jury in this action.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (ID #37451989)
Zimmerman & Paray LLP
233 Watchung Fork
Westfield, New Jersey 07090
Tel: (908) 768-6408
Fax: (908) 935-0751
jmz@zimllp.com
Attorneys for Plaintiff Bartonfalls LLC

Dated: October 11, 2016